**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**KEVIN DALE MCCAIN, # 153688**                                      **PETITIONER**

**versus**                                              **CIVIL ACTION NO. 1:13-cv-00524-DCB-MTP**

**STATE OF MISSISSIPPI, et al.**                                      **RESPONDENTS**

<u>**REPORT AND RECOMMENDATION**</u>

BEFORE THE COURT is the *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus filed by Kevin Dale McCain [1].  Having considered the submissions of the parties, the

record of the state court proceedings, and the applicable law, the undersigned is of the opinion

that the Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied.  Also

before the Court is Petitioner's Motion for Summary Judgment [16] which should be dismissed

as moot upon denial of the Petition [1].

PROCEDURAL HISTORY

On September 15, 2009, Petitioner Kevin Dale McCain was convicted of robbery in the

Circuit Court of Warren County, Mississippi, and was sentenced on October 30, 2009 as a

habitual offender to serve a term of life without parole or probation in the custody of the

Mississippi Department of Corrections.  (State Court Record [10] at 110, 127).  McCain filed a

direct appeal of his conviction and sentence to the Mississippi Supreme Court based on the

following grounds: 1) "The state failed to establish that McCain was a habitual offender under

Mississippi Code annotated § 99-19-83"; 2) "The trial court erred in failing to dismiss McCain's

charge for the State's violation of his constitutional and statutory rights to a speedy trial"; 3)

"The trial court erred in admitting Exhibit S-24" (a Texas Longhorns cap); and 4) "The trial court

erred in denying McCain's Motion to Quash the Indictment." ([10] at 41).  The Supreme Court

assigned the matter to the Court of Appeals of the State of Mississippi, and on March 19, 2011, the Court of Appeals affirmed McCain's conviction and sentence in a written opinion.  *See McCain v. State,* 81 So.3d 1130 (Miss. Ct. App. 2011), *reh'g denied*, June 28, 2011.

Thereafter, McCain petitioned the Mississippi Supreme Court for Writ of Certiorari, which was granted on September 20, 2011.  ([10] at 44).  The errors raised in his Petition included: 1) "The Court of Appeals failed to afford McCain the benefits of this Court[']s holdings in *Gowdy v. State*[,] 56 So[.]3d 540 (Miss. 2011);"[1] 2) "The Court of Appeals failed to follow its own precedent in *Vince v. State*[,] 844 So.2d 510 [(Miss. Ct. App. 2003)] and this [C]ourt[']s holdings in *Cox v. State*[,] 586 So[.]2d 761 [(Miss. 1991)];"[2] and 3) "The Court of Appeals misapprehend[ed] the facts in the record of the constitutional and statutory speedy trial violations."  ([10] at 49).  The Supreme Court limited its review to the first issue and affirmed the Court of Appeals on March 1, 2012.  *McCain v. State*, 81 So.3d 1055 (Miss. 2012).

On March 18, 2013, McCain sought leave from the Mississippi Supreme Court to file his Petition for Post-Conviction Collateral Relief  in which he asserted the following claims (as worded by Petitioner):[3]

> 1. The State failed to include an essential element in it's amendment to charge McCain as a habitual offender, M.C.A. § 99-19-83.  That element being time actually served on prior convictions.  The Court constructively amended the indictment to allegedly prove this element, denying McCain due process of law.

> 2. McCain attempted to proceed to trial pro se on March 23, 2009.  This request was denied by the Court on March 20, 2009 denying McCain his 6th amendment

---

[1]Ground one concerning the *Gowdy* case dealt with the issue of the timing of the amendment to the indictment to charge McCain as a habitual offender.  ([10] at 52-56).

[2]The second ground concerned authentification of the documents used by the State to prove that McCain was an habitual offender as defined by the statute.  ([10] at 56-58).

[3]He had three years from the date his "direct appeal [was] ruled upon" to do so.  Miss. Code Ann. § 99-39-5(2).

right to self-representation, as well as his right to self representation as guaranteed by Article 3 section of the Mississippi State Constitution.

3.  The State, at McCain's bifurcated trial, never proved beyond a reasonable doubt, that he was a violent offender.  The Court denied him Due Process of law when they adjudicated him guilty under M.C.A. § 99-19-83.

4.  McCain was denied his United States Constitutional right to confrontation of witnesses against him when the State introduced uncertified unauthenticated documents to prove his eligibility unde [sic] M.C.A. § 99-19-83.

5.  McCain was twice put in jeopardy of punishment for the same offense when the Court continued his bifurcated trial when the state lacked sufficient evidence to convict, violating U.S. Const. Amend. V.

([10] at 7-8).

On April 10, 2013, the Mississippi Supreme Court denied McCain's application stating, "Because the issues raised in McCain's application are waived, barred by the doctrine of res judicata, and/or without merit, the panel finds that the application should be denied." ([10] at 204-205).  In so finding, the Supreme Court addressed each claim individually and found that the first and third claims had been waived and were without merit; that the second and fifth claims were without merit; and that the fourth claim was barred by the doctrine of res judicata and was without merit.  ([10] at 204-205).

McCain filed the instant petition [1] for writ of habeas corpus on April 22, 2013.  In his petition and amended petition [5][8], he asserts the following grounds for relief:

**Ground One** - The Mississippi Supreme Court failed to apply the benefits of an intervening decision [*Gowdy*], which was based on federal constitutional law, to his case while it was not yet final on direct review;

**Ground Two** - State failed to prove beyond a reasonable doubt that [McCain's] priors were crimes of violence.  McCain is "actually innocent"of the habitual sentence he received under Miss. Code Ann. § 99-19-83, as he was never convicted of a crime of violence;"

**Ground Three** - Right to confrontation and due process of law concerning uncertified unauthenticated documents;

3

**Ground Four** - The trial court violated McCain's double jeopardy rights and acted in bad faith by continuing his sentencing hearing own [sic] its own motion, for insufficient evidence to prove McCain's habitual status, giving the state an extra month to obtain additional documentation;

**Ground Five** - McCain's amended indictment was constructively amended a "second time" to allege an essential element of M.C.A. § 99-19-83, thus sentencing him to a crime he was not indicted for; and

**Ground Six** - McCain was denied his statutory and constitutional speedy trial rights, by use of fabricated continuance.

In his Memorandum in Support of Petition for Habeas Corpus [3], Petitioner focuses

primarily on the first issue, framing his argument as follows:

In the face of the Supreme Court of the United States' controlling opinion in *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1978); the Mississippi Supreme Court denied McCain due process of law as well as equal protection of the law by failing to apply the holding of an intervening decision, *Gowdy v. State*, 56 So.3d 540 ([Miss.] 2011), to his case while it was pending on direct review. The holding in *Gowdy* involved a constitutional interpretation of a state rule. U.S. Const. Amnds. VI, XIV; Miss. Const. Art. 3 §§ 14 and 26 are implicated.

([3] at 8). In response, the State addressed each of the six issues (Answer [9], Response

[21]); and Petitioner has responded to the State's arguments. (Petitioner's Traverse [13],

Reply [23]).

DISCUSSION

This case is subject to the Antiterrorism and Effective Death Penalty Act (AEDPA),[4]

which specifies that exhaustion of a claim in state court is required for a federal court to consider

the claim. "An application for a writ of habeas corpus on behalf of a person in custody pursuant

to the judgment of a State court shall not be granted unless it appears that . . . the applicant has

exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A).

---

[4]*See Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir. 2002).

To satisfy this requirement, the petitioner must present his claims to the highest state court in a procedurally proper manner so that the state courts are given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728 (1999). This is so because state courts, "like federal courts, are obliged to enforce federal law." *Id.* at 844. Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain,* 228 F.3d 616, 620 & n.6 (5th Cir. 2000).

McCain has satisfied the exhaustion requirement for grounds one through five raised in his federal petition by first giving state courts the opportunity to resolve any constitutional issues. These claims were "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). Under the AEDPA, when the state court has adjudicated the petitioner's claims on the merits,[5] the federal court reviews mixed questions of law and fact under subsection (d)(1). *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). Since the exhausted grounds raised in McCain's federal petition involve mixed questions of law and fact, this court's authority to grant habeas relief on these claims is limited to a determination of whether the decisions of the Mississippi Supreme Court "[were] contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Whether the applicable law is clearly established for purposes of a Section 2254(d)(1) analysis is determined solely by reference to Supreme Court decisions "as of the time of the

---

[5] "On the merits" refers to substantive, rather than procedural, disposition of the case. *Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir. 2002).

relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412 (2000).  A decision by any

other court "even if compelling and well-reasoned, cannot satisfy the clearly established federal

law requirement under § 2254(d)(1)." *Salazar v. Dretke,* 419 F.3d 384, 399 (5th Cir. 2005).

The "unreasonable application" inquiry is based on an objective standard, and for

purposes of a Section 2254(d)(1) analysis, "unreasonable" does not equate with "incorrect."

*Garcia v. Dretke,* 388 F.3d 496, 500 (5th Cir. 2004).   The application of clearly-established

precedent must be both incorrect and unreasonable for federal habeas relief to be warranted.  *Id.*

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the

state court's application of clearly established federal law was objectively unreasonable,"[6] but it

is to review only the state court's ultimate conclusion and not the reasoning that was used to

reach it.  *Neal,* 286 F.3d at 246.  This inquiry "is not altered when, as in this case, state habeas

relief is denied without an opinion."  *Schaetzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003)

(vacating judgment and denying habeas corpus relief).

It is by these principles and against the backdrop of exhaustion requirements and

substantive determinations that McCain's claims must be viewed – with the added observation

that a federal court does not "sit as a 'super' state supreme court"; it may decide the issues

presented by the habeas petition "only to the extent that federal constitutional issues are

implicated."  *Smith v. McCotter,* 786 F.2d 697, 700 (5th Cir. 1986).  As discussed below,

McCain is not entitled to habeas relief with respect to his exhausted claims under the standard set

forth in 28 U.S.C. § 2254(d)(1).

**Ground One**

McCain alleges that he was denied due process and equal protection of the law

_____

[6]*Neal,* 286 F.3d at 244 (citing *Williams v. Taylor,* 529 U.S. 362, 409 (2000)).

under the United States Constitution when the Mississippi Supreme Court declined to apply the

holding from *Gowdy v. State*, 56 So.3d 540 (Miss. 2011) to his case.  He claims that the

Mississippi Supreme Court's decision was based upon an unreasonable application of clearly

established federal law, pursuant to *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93

L.Ed.2d 649 (1987) (applying new rule of conduct for criminal prosecutions retroactively to all

cases, state or federal, pending on direct review or not yet final).

    According to McCain, the error occurred when the trial court permitted the state to

amend his indictment *after* he was tried and found guilty of robbery.[7]  The effect of the

amendment enhanced his sentence under the habitual offender statute, Miss. Code Ann. § 99-19-

83, whereby he received a life sentence without parole, as opposed to a maximum 15-year

sentence under the robbery statute, Miss. Code Ann. § 97-3-73.  On October 30, 2009, the trial

court found sufficient evidence to sentence McCain as a habitual offender and therefore "ha[d]

no choice under the statute 99-19-83 [but] to sentence [McCain] to a term of life in prison."

([10] at 142).

    Before McCain's conviction and sentence became final, the Mississippi Supreme Court

rendered its decision in *Gowdy*, holding that a post-conviction amendment to an indictment was

improper.  *Gowdy,* 56 So.3d at 540.  In *Gowdy*, the State sought to amend the indictment to

charge Gowdy as a habitual offender <u>after</u> the defendant had been tried and convicted.  The trial

court permitted the amendment and sentenced Gowdy as a habitual offender, but the Supreme

---

[7]In February 2009, the State filed a motion to amend the indictment to include the habitual offender enhancement.  The day before the motion was filed, the state announced its intent to do so during a hearing at which McCain and his counsel were present.  Seven months later, in September 2009, McCain was tried and found guilty of robbery.  The Motion to Amend the Indictment (filed seven months earlier) was heard on the date of the sentencing hearing, at which time the State introduced evidence of two prior robberies to which McCain had pled guilty in the United States District Court for the Southern District of Mississippi. ([10] at 88, 95).

Court reversed, finding that he had been unfairly surprised by the amendment. *Id*. As a result, the "enhanced portion" of Gowdy's sentence was vacated, and his case was remanded for resentencing. *Id.* at 541.

McCain raised this issue before the Mississippi Supreme Court, requesting the same relief. On certiorari, the Court distinguished *Gowdy* based upon the facts presented and declined to apply its holding to McCain's situation. *McCain*, 81 So.3d at 1060-62. The Court looked at Uniform Rule of Circuit and County Court Practice ("URCCCP") 7.09, which requires that a defendant be "afforded a fair opportunity to present a defense" and not be "unfairly surprised." Further, the Court noted the "unique facts presented in Gowdy" were missing from McCain's case. *Id.* at 1057.

In *Gowdy*, the State informed the defendant and the Circuit Court of its intention to seek amendment to the indictment <u>after</u> Gowdy's conviction, which was deemed "impermissible unfair surprise." *Id*. at 1060-61 (citing *Gowdy*, 56 So.3d at 545). In addition, the State in *Gowdy* did not disclose its intent to seek amendment under the habitual offender statute until after plea negotiations were concluded. *Id*. at 1059 (citing *Gowdy*, 56 So.3d at 544-45). Conversely, in McCain's case, the State disclosed its intent to amend the indictment during plea negotiations and filed its motion to amend the indictment seven months before trial. *Id*. at 1061. Consequently, the Court found the concerns of "fair notice, unfair surprise and fair opportunity to present a defense collectively ... absent." *Id*. at 1057. Applying the requirements of URCCCP 7.09 on a "case-by-case" basis, the Court concluded that McCain received fair notice, was not unfairly surprised by the habitual offender addition to his sentence, and was afforded a fair opportunity to present his defense. *Id*. at 1061-62.

What is clear from the Mississippi Supreme Court's opinion is that the Court applied

*Gowdy*; Petitioner simply disagrees with the way the Mississippi Supreme Court applied the case. In fact, the Court, in relying upon *Griffith*, stated, "We conclude that *Gowdy* applies retroactively here, because McCain's case was not yet final when the mandate issued in *Gowd*y." *Id*. at 1059 (citations omitted). McCain's complaint is that the holding of *Gowdy* was not applied as he had hoped and that this Court should adopt the position of the dissent in *Gowdy*, which advocated for a bright line rule concerning the timing of amendments to indictments. He argues that the "case specific analysis" was contrary to federal law. ([13] at 13).

The undersigned finds no merit in these arguments. In McCain's case, the Mississippi Supreme Court applied the reasoning discussed in *Gowdy* and was careful to ensure that he, like Gowdy, was afforded fair notice and was not unfairly surprised. The only difference in the cases was that the Mississippi Supreme Court found that Gowdy had been unfairly surprised by the procedure whereby the State was allowed to amend his indictment, whereas McCain was not unfairly surprised.

This Court's review, however, is not to analyze the Mississippi Supreme Court's ruling in *Gowdy* as applied herein, but to decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith,* 786 F.2d at 700. McCain claims that he was denied due process pursuant to *Griffith v. Kentucky* because the Mississippi Supreme Court did not apply *Gowdy* as he preferred. The Supreme Court in *Griffith* merely held that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." *Griffith*, 479 U.S. at 328, 107 S.Ct. at 716. As noted above, the Supreme Court did apply *Gowdy* retroactively.[8] Thus, the *McCain* Court

---

[8]It is arguable that *Gowdy* did not apply a "new rule of conduct of criminal prosecutions" in that it extended the reasoning in URCCCP 7.09, which is to ensure that criminal defendants are not unfairly surprised by the sentence enhancement by addressing the issue of notice.

complied with federal law as set forth in *Griffith*.  Applying the principle of retroactivity, and thus the reasoning explained in *Gowdy*, the decision of the Mississippi Supreme Court was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law.

To the extent McCain urges this Court to adopt the dissenting opinion in *Gowdy*, and thereby proclaim a bright line rule precluding post-conviction amendments to indictments, the Court is without authority to do so.  *See* 28 U.S.C. § 2254(d)(1).

**Ground Two**

McCain alleges that he has been denied due process of law because the State failed to prove beyond a reasonable doubt that his prior convictions were crimes of violence.  Therefore, he claims to be "actually innocent" of being a violent habitual offender under Miss. Code Ann § 99-19-83.  In sum, he argues that the habitual offender statute requires that at least one of his prior convictions be a crime of violence, and because he was never previously convicted of a violent crime, he is actually innocent of being a habitual offender.[9]

This issue was raised in the Mississippi Supreme Court on a Writ for Post-Conviction Relief, and the Supreme Court found without discussion that the issue had been waived and was without merit. ([10] at 204).  In his argument to the Supreme Court, McCain relied on Fifth Circuit cases and alleged that, although he was previously convicted of robbery under 18 U.S.C.

---

[9]He claims that he was wrongfully denied an evidentiary hearing by the Supreme Court at the post-conviction stage.  Failure of the Supreme Court to consider "relevant evidence" amounted to an unreasonable application of federal law under *Williams v. Taylor*, 529 U.S. 362, 384-86, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  However, he has not stated what the illusive "relevant evidence" is and how it will prove "actual innocence." ([13] at 22).

§ 2113(a),[10] the State at his sentencing hearing was required to prove "actual" force and violence or intimidation, that an attempt at force and violence or intimidation was insufficient.[11]  He raises the issue to this Court, again citing the *Jones* and *Jacquillon* cases,[12] along with *United States v. Fry*, 51 F.3d 543 (5th Cir. 1995) to support his position that "robbery is a non-violent offence where sentence enhancement is concerned."  ([13] at 25).  None of the authorities cited support Plaintiff's arguments.  *See, e.g. Fry*, 51 F.3d at 546 (quoting U.S.S.G. § 4B1.2 which includes robbery in its definition of crimes of violence).

McCain also complains that he was denied due process of law under *Thompson v. Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960) and *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) because there was "no factual basis for his conviction as a habitual offender."  ([13] at 23).

At the sentencing hearing, the State introduced evidence of two prior convictions of bank

---

[10]18 U.S.C. § 2113(a) states in part:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; . . .
> Shall be fined under this title or imprisoned not more than twenty years, or both.

[11]He cites two cases to support this point, neither of which is persuasive. *See United States v. Jones*, 993 F.2d 58 (5th Cir. 1993) (affirming conviction under 18 U.S.C. § 2113(a)); *see also United States v. Jacquillon*, 469 F.2d 380, 385 (5th Cir. 1972) (not requiring proof of actual fear to merit a conviction for taking by intimidation).  Both of these cases addressed the state's burden during a trial on the merits against the defendant, neither involved the burden of the state at a sentencing hearing after the defendant had pled guilty and been convicted.

[12]*Supra* note 9.

robbery under 18 U.S.C. § 2113(a).  ([10 at 98-106).[13]  McCain had pled guilty to both charges,

so the State had the Judgements and Convictions to enter as proof, along with the Indictments

which quoted the statutory language concerning violence.  ([10] at 87, 40-55).

Counsel for McCain argued at the sentencing hearing that the prior crimes may not have

been violent.  However, the trial judge disagreed, finding that the wording of the indictments

under 18 U.S.C. § 2113(a) was sufficient to prove that McCain had committed at least one prior

crime of violence as defined by the State of Mississippi.  ([10] at 118-120).[14]  In determining

whether a prior conviction is a crime of violence, courts employ a "formal categorical approach,

looking only to the statutory definitions of the prior offenses, and not to the particular facts

underlying those convictions."  *United States v. Antonio-Agusta*, 672 F.3d 1209, 1212 (10th Cir.

2012) *cert. denied*, 133 S. Ct. 466, 184 L. Ed. 2d 287 (2012) (citing *United Sates v.

Perez–Vargas,* 414 F.3d 1282, 1284 (10th Cir. 2005) (internal quotation omitted)).  Therefore,

the judge applied the correct approach to determine that McCain's prior federal convictions were

crimes of violence under Mississippi law, as evidenced by the prior convictions under 18 U.S.C.

§ 2113(a); and the Supreme Court found no error on review.

McCain has failed to show how the Mississippi Supreme Court unreasonably applied

---

[13]Two separate Judgments and Commitments signed by Judge Henry T. Wingate on
January 17, 2003, were introduced to show that McCain had pled guilty in two separate cases to
charges of bank robbery on January 8, 2003, for which he was sentenced to serve concurrent
sentences of 72 months each.  The first case involved the robbery of Region's Bank in Smith
County, Texas on April 12, 2002; the second robbery occurred at Bancorp South in Rankin
County, Mississippi, on April 19, 2002.  The convictions both stated that Kevin Dale McCain
"by force, violence and intimidation" took money from a person at each bank.  ([10] at 98-112).

[14]Under Mississippi law, robbery is a crime of violence for purposes of the habitual
offender statute.  *Magee v. State*, 542 So.2d 228, 236 (Miss. 1989) (citing *Ashley v. State*, 538
So.2d 181 (Miss 1989) (holding attempted robbery is violent crime), *McQueen v. State*, 473
So.2d 971, 972-973 (Miss. 1985) (holding "actual successful" robbery is crime of violence)).

clearly established federal law. Thus, the undersigned recommends that habeas relief be denied.

**Ground Three**

McCain next argues that he was denied his Sixth Amendment right to confrontation and due process of law when the State introduced certain documents with a cover letter from an individual who was not present to testify at the sentencing hearing.  McCain claims that the letter and documents attached were testimonial in nature, and that by not having the ability to cross-examine the "witness," he was denied due process under the U.S. Constitution and *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

The sentencing hearing began on October 2, 2009, and was continued to allow the State to obtain records establishing the period of time actually served by McCain on his federal robbery convictions.  The habitual offender statute requires that a defendant have served more than a year for his prior violent crime.  Evidence presented at the initial sentencing hearing was inconclusive on that issue.  ([10] at 130-131).  Before the hearing resumed on October 30, 2009, Vincent E. Shaw, Senior Counsel for the Federal Bureau of Prisons in the Southeast Regional Office sent a letter to the Court with the public records showing the amount of time McCain actually served on his prior convictions. The records were made a part of the Court file, and, despite objections concerning authentification and certification, the Circuit Judge was satisfied that the documents proved that McCain had served more than a year on his prior convictions. His decision was based upon the records themselves, not the cover letter.  ([10] at 138-142).

On direct appeal to the Court of Appeals of Mississippi, the Petitioner argued that the records were not admitted into evidence, and thus, the State did not meet its evidentiary burden of proof.  ([10] at 50-51, 52-55).  The Court of Appeals dismissed the argument in quick fashion, finding that the documents were attached to a "letter of certification," that they were filed in the

Court docket, and that the Court took notice of them on the record.  *McCain*, 81 So.3d at 1134.

Accordingly, there was sufficient proof to sustain the sentencing enhancement; the contention of

error was without merit.  *Id.*  On Petition for Post-Conviction Relief, the Mississippi Supreme

Court found that the right to confrontation issue based upon these documents was barred under

the doctrine of res judicata and was without merit.

  In criminal prosecutions, the accused has a right, guaranteed by the Sixth and Fourteenth

Amendments, "to be confronted with the witnesses against him." *Pointer v. Texas*, 380 U.S. 400,

85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (applying Sixth Amendment to the States).  His right is to

"confront those who 'bear testimony' against him."  *Melendez-Diaz v. Massachusetts*, 557 U.S.

305, 309, 129 S.Ct. 2527, 2531, 174 L.Ed.2d 314 (2009) (quoting *Crawford v. Washington*, 541

U.S. 36, 51, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)).  McCain argues that the letter attached to

the documents was testimonial, so he had a right under *Melendez-Diaz* to cross examine Mr.

Shaw.  However, Petitioner has misunderstood the full decision in *Melendez-Diaz,* which

recognizes the business and official records hearsay exceptions to the Confrontation Clause,

stating:

> Business and public records are generally admissible absent confrontation not
> because they qualify under an exception to the hearsay rules, but because—having
> been created for the administration of an entity's affairs and not for the purpose of
> establishing or proving some fact at trial—they are not testimonial.

*Melendez-Diaz*, 557 U.S. at 324, 129 S.Ct. 2539-40.  Accordingly, the documents at issue are not

such testimonial evidence to which the right of confrontation attaches.  *See, e.g.*, *U.S. v. Mallory*,

709 F. Supp. 2d 451 (E.D.Va. 2010) (holding that records custodian's certification was not

testimonial).

  Thus, the undersigned finds that the Petitioner had no constitutional right to cross-

examine Mr. Shaw, who merely certified public records.  The facts used against Petitioner to

prove that he had served more than one year on a prior violent crime conviction were in the records themselves, not in Mr. Shaw's letter.  Petitioner has failed to meet his burden; the decisions of the Mississippi Supreme Court were not contrary to, nor did they involve an unreasonable application of, clearly established federal law.

### **Ground Four**

In his fourth ground, McCain charges that he was subject to double jeopardy when his sentencing hearing was continued to allow the State to submit clear evidence concerning the time served for the prior convictions.  When this issue was raised to the Mississippi Supreme Court on Writ for Post-Conviction Relief, the Court found no merit to McCain's argument.

The Double Jeopardy Clause of the Fifth Amendment of the Bill of Rights states that no person shall "for the same offense . . . be twice put in jeopardy of life or limb." Essentially, the Double Jeopardy Clause provides protection against a second prosecution for the same offense after acquittal or conviction and protection against multiple punishments for the same offense. *United States v. Mask*, 101 F. Supp. 2d 673, 678 (W.D. Tenn. 2000) (citing *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *United States v. Dinitz,* 424 U.S. 600, 606, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Wilson,* 420 U.S. 332, 343, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *Murr v. United States,* 200 F.3d 895, 900 (6th Cir. 2000); *Terry v. Potter,* 111 F.3d 454, 456 (6th Cir. 1997)).

As an initial matter, the undersigned notes that McCain was neither convicted nor acquitted of being a habitual offender at the time the sentencing hearing resumed on October 30, 2009.  McCain argues that he was or should have been acquitted as of October 2, 2009, because the State had insufficient evidence to convict him as a habitual offender at the initial sentencing

hearing.[15]  Petitioner relies on *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (2005) to support his argument. The *Burks* Court held that a finding of insufficient evidence by a court on appeal from a conviction is equivalent to an acquittal for the purposes of double jeopardy.  *Id.  Burks* is distinguishable in that the defendant had been convicted, despite having moved for acquittal.  In addition, the appellate court disagreed with the trial court concerning the sufficiency of evidence.  *Id*. The law on which Petitioner relies is unpersuasive.

Further, double jeopardy protections are not applicable in sentencing proceedings because the determinations at issue do not place the defendant in jeopardy for an "offense." *Monge v. California*, 524 U.S. 721, 728, 118 S. Ct. 2246, 2250, 141 L. Ed. 2d 615 (1998) (citing *Bullington v. Missouri,* 451 U.S. 430, 438, 101 S.Ct. 1852, 1857-58, 68 L.Ed.2d 270 (1981); *Nichols v. United States,* 511 U.S. 738, 747, 114 S.Ct. 1921, 1927, 128 L.Ed.2d 745 (1994)). "Nor have sentence enhancements been construed as additional punishment for the previous offense; rather, they act to increase a sentence 'because of the manner in which [the defendant] committed the crime of conviction.' " *Id.* (quoting *United States v. Watts,* 519 U.S. 148, 154, 117 S.Ct. 633, 636, 136 L.Ed.2d 554 (1997) (*per curiam*); *see also Witte v. United States,* 515 U.S.

---

[15]Petitioner argues that his "motion for dismissal at sentencing was equivalent to a motion for acquittal."  ([13] at 30).  However, the undersigned finds no reference to a motion to dismiss raised at either part of the sentencing hearing in reference to the State's not having sufficient evidence of the period of time served in prison.  Prior to the State's putting on any evidence, Petitioner's counsel moved to quash the Motion to Amend the Indictment.  That motion was denied.  ([10] at 88-95).  During the October 2, 2009, hearing, counsel for Petitioner objected to testimony about the length of his incarceration, which led the judge to order the State to produce "records certifying from the Federal Bureau of Prisons that this person did, in fact, stay in that prison for the time that you say he did...." ([10] at 131).  He then continued the hearing until the next week. ([10] at 131). When the hearing reconvened on October 30, 2009, the Court referenced Petitioner's *pro se* Motion to Quash the habitual offender portion of the indictment, filed that morning.  Among other things, Petitioner alleged that the State had not proved that Petitioner had served a term of more than one year, as required by the habitual offender statute. Finding that the State had produced documentary evidence proving the period of incarceration, The judge denied the motion.  ([10] at 137-138).

389, 398-399, 115 S.Ct. 2199, 2205-2206, 132 L.Ed.2d 351 (1995)).  "An enhanced sentence imposed on a persistent offender thus 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes' but as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.' " *Id.* (quoting *Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948); *cf. Moore v. Missouri,* 159 U.S. 673, 678, 16 S.Ct. 179, 181, 40 L.Ed. 301 (1895) ("[T]he State may undoubtedly provide that persons who have been before convicted of crime may suffer severer punishment for subsequent offences than for a first offence")).

Thus, the undersigned finds that the Circuit Court, in continuing a sentencing hearing for the purpose of allowing the State to submit documentary evidence to prove an element of the habitual offender statute, did not subject McCain to double jeopardy.  Hence, the Mississippi Supreme Court did not unreasonably apply federal law, nor was its decision contrary to established federal law.

**<u>Ground Five</u>**

McCain next contends that his Sixth and Fourteenth Amendment rights were violated when the indictment was "constructively amended," allegedly a "second time," to include an element under the habitual offender statute, which resulted in sentencing him for a crime for which he was not indicted.  ([13] at 33).  He claims that the "trial court constructively amended his indictment to include an essential element of M.C.A. § 99-19-83, i[.]e[.], that he served one year or more on his prior convictions."  ([13] at 35).  Accordingly, he argues that the omission of that element was tantamount to his not being informed of the charges, which impaired his ability

to prepare a defense and subjected him to double jeopardy.[16]

He cites *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270 (1960), for the proposition that "amendments of this type are reversible error."  ([13] at 35).  However, *Stirone* did not address a constructive amendment to enhance a sentence.  The initial indictment in *Stirone* charged the defendant with unlawfully interfering with interstate commerce in violation of the Hobbs Act for transporting sand to a steel-processing plant in Pennsylvania.  At trial, the government offered evidence of defendant's moving steel out of Pennsylvania into other states in violation of the Hobbs Act.  *Id*. at 213, 271.  The Supreme Court found that the defendant was wrongfully convicted regarding the movement of steel because the indictment was not based upon unlawfully affecting interstate commerce regarding steel.  *Id*.

Petitioner also cites *Hamling v. United States*, 418 U.S. 87, 94 S. Ct. 2887, 41 L.Ed.2d 590 (1974) in support of his argument.  In *Hamling*, the Supreme Court observed that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *Id.* at 117-18, 2907-08 (citing *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *United States v. Debrow*, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953)).  Again, however, the indictment in *Hamling* was the original indictment.  Moreover, the Court held that it was not vague in using statutory language, and it gave "adequate notice" of the charges against the petitioners.  *Id*.

Petitioner has failed to explain how the indictment was "constructively amended" a

-----

[16]His double jeopardy argument is without merit.  (*See* Report and Recommendation, *supra*, at 15-17).

"second time" according to *Stirone,* or how it failed to provide him sufficient notice to prepare a defense to the enhancement as a habitual offender under *Hamling*.  The Motion to Amend cited the habitual offender statute, was filed seven months before the trial and had the prior convictions and sentences of 72 months attached to it.  It came on for hearing with oral argument before a judge for sentencing enhancement, and the Petitioner was present with his attorney.  The issue of the length of incarceration was brought out, and due to the continuance, Petitioner had additional time to prepare any defense he might muster as to that element.  In the final analysis, as the circuit judge stated with regard to the issue of whether Petitioner had served more than one year, "The records ... speak for themselves."  ([10] at 128).

The undersigned cannot conclude that the Court's actions involved the unreasonable application of clearly established federal law, nor that the decision of the Mississippi Supreme Court was contrary to clearly established federal law.  Foremost, federal law is not clearly established that an amended indictment to include a sentence enhancement as a habitual offender requires that each element be included in written form and read to the defendant before the hearing.  Further, even if this were required, the Mississippi Supreme Court did not unreasonably apply such a standard when it reviewed the trial court's procedure on Petition for Post-Conviction Relief and found the argument without merit.[17]  Accordingly, the undersigned recommends that habeas relief be denied.

**<u>Ground Six</u>**

Finally, Petitioner asserts that McCain's attorney, the district attorney and the trial

---

[17]Defendants rigorously argue that because the Supreme Court also found this argument to have been waived, it was procedurally barred.  Because the undersigned has reviewed this on the merits and agreed with the Supreme Court's conclusion that the argument is without merit, the issue of procedural bar is not addressed.

judge orchestrated a "fabricated continuance" which deprived him of his constitutional and statutory rights to a speedy trial.  ([13] at 36).  In a lengthy opinion, the Mississippi Court of Appeals throughly addressed the issue concerning whether McCain's right to a speedy trial under the United States Constitution and/or Miss. Code Ann § 99-17-1 had been violated; the Court of Appeals found that neither had been violated.  ([10] at 141-145).

However, Petitioner's claim that his rights were intentionally violated because of a "fabricated continuance" was never raised to the State's highest court, either on direct appeal or in his Petition for Post-Conviction Relief.  As McCain failed to exhaust state court remedies, his claim of "fabricated continuance" is not properly before the Court.  *See* 28 U.S.C. § 2254(b)(1); *see also O'Sullivan*, 536 U.S. at 838, 119 S.Ct. at 1728 (holding that to satisfy the exhaustion requirement, the petitioner must present his claims to the state's highest court in a procedurally proper manner to allow the state court a fair opportunity to pass on those claims).  Further, as the Petitioner did not raise this issue, he has procedurally defaulted his claims under ground six of his Petition for Writ of Habeas Corpus.  *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (finding no substantial difference between failure to exhaust and procedural default when petitioner has allowed his claims to lapse by not presenting them in state court).

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims.  *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1998).  Federal habeas relief may be granted on a procedurally defaulted claim only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Jones,* 163 F.3d at 296 (quoting *Moawad v. Anderson,* 143 F.3d 942, 947 (5th Cir. 1998) (pre-AEDPA), *cert. denied,* 525 U.S. 952, 119 S.Ct. 383, 142

L.Ed.2d 316 (1998); *Nobles v. Johnson,* 127 F.3d 409, 423 n.33 (5th Cir. 1997) (post-AEDPA), *cert. denied* 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998); *Williams v. Cain,* 125 F.3d 269, 276 (5th Cir. 1997) (post-AEDPA), *cert. denied,* 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998); *cf. United States v. Flores,* 135 F.3d 1000, 1006 n.23 (5th Cir. 1998) (post-AEDPA, § 2255)).  The undersigned notes that Petitioner has asserted none of these grounds to entitle him to proceed.  Notwithstanding, there can be no actual prejudice or a fundamental miscarriage of justice where the Mississippi Supreme Court has found that the rights to a speedy trial were not violated.

To the extent ground six implicates the simple issue of whether Petitioner was denied his rights to a speedy trial, the undersigned has thoroughly reviewed the decision of the Mississippi Court of Appeals and found that it was not contrary to, nor did it reflect an unreasonable application of, clearly established federal law.  Thus, the undersigned finds that the failure to exhaust state court remedies as to ground six operates as a procedural bar to this Court's review of his claim and recommends that habeas relief be denied.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the Court that the relief sought in McCain's Petition for Writ of Habeas Corpus [1] be denied, that his Motion for Summary Judgment [16] be denied as moot, and that the petition be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.  The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation

within ten days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the proposed factual findings and legal conclusions accepted by

the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79

F.3d 1415, 1428-29 (5th Cir. 1996).

      This the 15th day of August, 2014.

                            s/ Michael T. Parker
                            United States Magistrate Judge