```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

KEVIN DALE McCAIN, # 153688                            PETITIONER

VS.                         CIVIL ACTION NO. 1:13-cv-524(DCB)(MTP)

STATE OF MISSISSIPPI, ET AL.                          RESPONDENTS


                    MEMORANDUM OPINION AND ORDER

     This cause is before the Court on the petitioner Kevin Dale McCain ("McCain)'s Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (docket entry 1), the petitioner's motion for summary judgment **(docket entry 16)**, the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 24)**, and the petitioner's objections thereto (docket entry 27).  Having carefully considered all the matters before the Court and the applicable law, and being fully advised in the premises, the Court finds as follows:

     McCain, an inmate with the Mississippi Department of Corrections, brings this action under 28 U.S.C. § 2254.  On September 15, 2009, McCain was convicted of robbery in the Circuit Court of Warren County, Mississippi, and was sentenced on October 30, 2009, as an habitual offender to serve a term of life without parole or probation.  He sought direct review in state court following his sentencing.  The State Court of Appeals affirmed his conviction and sentence, and he petitioned the Mississippi Supreme Court for writ of certiorari, which was granted.  The supreme court

affirmed the court of appeals. On March 18, 2013, McCain sought leave from the Mississippi Supreme Court to file a Petition for Post-Conviction Collateral Relief. The supreme court denied the application, finding that "the issues raised in McCain's application are waived, barred by the doctrine of res judicata, and/or without merit."

McCain filed the instant petition for writ of habeas corpus with this Court on April 22, 2013. He states his six grounds for relief as follows:

> Ground One - The Mississippi Supreme Court failed to apply the benefits of an intervening decision [Gowdy v. State, 56 So.3d 540 (Miss. 2011)], which was based on federal constitutional law, to his case while it was not yet final on direct review;
>
> Ground Two - State failed to prove beyond a reasonable doubt that [McCain's] priors were crimes of violence. McCain is "actually innocent"of the habitual sentence he received under Miss. Code Ann. § 99-19-83, as he was never convicted of a crime of violence;"
>
> Ground Three - Right to confrontation and due process of law concerning uncertified unauthenticated documents;
>
> Ground Four - The trial court violated McCain's double jeopardy rights and acted in bad faith by continuing his sentencing hearing own [sic] its own motion, for insufficient evidence to prove McCain's habitual status, giving the state an extra month to obtain additional documentation;
>
> Ground Five - McCain's amended indictment was constructively amended a "second time" to allege an essential element of M.C.A. § 99-19-83, thus sentencing him to a crime he was not indicted for; and
>
> Ground Six - McCain was denied his statutory and constitutional speedy trial rights, by use of fabricated continuance.

Petition for Writ of Habeas Corpus, pp. 6-11 (grounds 1-4)(docket entry 1); Motion to Amend Petition, pp. 5-7 (grounds 5-6)(docket entry 5); see also Order Granting Motion to Amend Petition (docket entry 8).

In his thorough and well-reasoned Report and Recommendation, Magistrate Judge Parker addresses each of the petitioner's claims, finds them to be without merit, and recommends that the petition be dismissed.  As for Count One, the Mississippi Supreme Court did apply Gowdy in McCain's case, and its application of Gowdy was neither contrary to nor an unreasonable application of clearly established federal law.  In Count Two, McCain alleges that the State failed to show that his prior convictions were crimes of violence; however, the State sufficiently showed that they were, and the Mississippi Supreme Court reasonably applied clearly established federal law in deciding against McCain.  Count Three is a Sixth Amendment challenge to evidence introduced during McCain's sentencing hearing, on grounds that the defendant was deprived of his rights of confrontation and due process.  The Magistrate Judge finds the public records were properly admitted in evidence and meet the official records hearsay exception to the Confrontation Clause.

Ground Four is a double jeopardy challenge to McCain's sentence.  Double jeopardy protections are not applicable in sentencing proceedings because the determinations do not place the

defendant in jeopardy for an "offense."  In Ground Five, McCain argues that his Sixth and Fourteenth Amendment rights were violated when his indictment was "constructively amended a second time" to include an element under the habitual offender statute, resulting in his being sentenced for a crime for which he was not indicted.  He fails to show, however, how his indictment was "constructively amended a second time."  Further, the State's motion to amend was filed seven months before the trial and afforded McCain ample time to prepare any defense he might have.  Finally, in Ground Six, the petitioner asserts that his trial attorney, the district attorney, and the trial judge orchestrated a "fabricated continuance" which deprived him of a speedy trial.  The Mississippi Supreme Court thoroughly addressed this issue and found that McCain's speedy trial right had not been violated.  Furthermore, McCain never raised his "fabricated continuance" argument to the State Supreme Court, thereby waiving it.

In his Report and Recommendation, Magistrate Judge Parker finds that the Mississippi Supreme Court's decision was neither contrary to, nor did it reflect an unreasonable application of, clearly established federal law.  He therefore recommends that the relief sought in McCain's petition and in his motion for summary judgment should be denied.  The petitioner's objections do not present any arguments that would warrant deviation from the course recommended by the Magistrate Judge.

Also pending is a motion by the petitioner for additional time to file objections, filed on August 22, 2014 **(docket entry 25)**, which shall be granted.  The Court notes that the petitioner filed his objections within the ten days requested, and the objections are timely.  Accordingly,

IT IS HEREBY ORDERED that the motion for additional time to file objections **(docket entry 25)** is GRANTED retroactively;

FURTHER ORDERED that the Report and Recommendation **(docket entry 24)** of Magistrate Judge Michael T. Parker is hereby adopted as the findings of this Court;

FURTHER ORDERED that the petitioner's motion for summary judgment **(docket entry 16)** is DENIED;

FURTHER ORDERED that the relief requested in the petitioner's Petition is DENIED and the Petition is DISMISSED WITH PREJUDICE.

A final judgment dismissing the Petition in accordance with Rule 58 of the Federal Rules of Civil Procedure shall follow.

SO ORDERED, this the 17th day of September, 2014.


                                    /s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE